SONA DE (SBN#193896)
sde@sidley.com
CHING-LEE FUKUDA (*admitted pro hac vice*)
clfukuda@sidley.com
BRADFORD J. BADKE (*admitted pro hac vice*)
jbadke@sidley.com
GRACE CHIANG (*admitted pro hac vice*)
gchiang@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

THOMAS A. BROUGHAN (*admitted pro hac vice*)
tbroughan@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:   (202) 736-8711

ERIK J. CARLSON (SBN #265167)
ecarlson@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA 90013
Telephone:  (213) 896-6000
Facsimile:   (213) 896-6600

Attorneys for Plaintiff, Dexcom, Inc.

M. JOHN CARLSON (SBN #41285)
jcarson@lrrc.com
DREW WILSON (SBN #283616)
dwilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
655 North Central Avenue, Suite 2300
Glendale, CA 91203-1445
Telephone: 626.795.9900
Facsimile: 626.795.577.8800

1

SCOTT D. EADS, (*admitted pro hac vice*)
seads@schwabe.com
NICHOLAS F. ALDRICH, JR.,(*admitted pro hac vice*)
naldrich@schwabe.com
JASON A. WRUBLESKI, (*admitted pro hac vice*)
jwrubleski@schwabe.com
**SCHWABE, WILLIAMSON & WYATT, P.C.**
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendant, AgaMatrix, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEXCOM, INC., | Case No.: 2:16-cv-5947 SJO (ASx) |
| Plaintiff, | **AMENDED STIPULATED PROTECTIVE ORDER** |
| v. | Judge:      Hon. S. James Otero |
| AGAMATRIX, INC., | Magistrate:  Hon. Alka Sagar |
| Defendant. | |

1.      A.      <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable

legal principles. The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties and source code), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1.    <u>Action</u>: The above-captioned federal law suit.

2.2.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: documents detailing financial information, customer names and/or vendor names.

2.5.    "HIGHLY CONFIDENTIAL— HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: documents detailing non-public technical aspects of a party's products, processes or methods including documents related to product designs, specifications, manufacturing methods or processes, product testing, and documents related to future business plans, including information pertaining to products in development that have not yet been released.

2.6.    "HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items: extremely sensitive  confidential information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, provided that any document or thing receiving this designation must contain at least some source code (*i.e.* computer instructions) that can be compiled, interpreted, or executed by a computer.  Any document that only partially contains source code (*i.e.* computer instructions) that can be compiled, interpreted, or executed by a

computer must be produced with said source code redacted to the receiving party with a designation appropriate for the remainder of the document, and the complete unredacted version of said document shall be made available to the receiving party and treated pursuant to the provisions herein pertaining to source code.

2.7.    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.8.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.9.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10.  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.11.  House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12.  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13.  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.14.  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

support staffs).

2.15.  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17.  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL, " "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE."

2.18.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

    5.1.   Exercise of Restraint and Care in Designating Material for Protection.

    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2.   Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, one of the legends "CONFIDENTIAL, " "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" OR "HIGHLY CONFIDENTIAL—SOURCE CODE" (collectively "Legend"), as appropriate, to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix a "Legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in depositions, within twenty-one (21) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—

8

OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—
SOURCE CODE" any portions of the transcript that the party or witness contends
discloses confidential information.  Any question or testimony which describes or
discusses a document which has been designated "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—
SOURCE CODE" shall also be deemed designated "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—
SOURCE CODE" as appropriate.  If a transcript, or any portion(s) thereof, containing
any such material is filed with the Court, it shall be filed under seal and marked in the
manner described in subparagraph 5.2.  Unless otherwise agreed, all deposition
transcripts shall be treated as "HIGHLY CONFIDENTIAL—OUTSIDE
ATTORNEYS' EYES ONLY" until the expiration of the twenty-one-day period.

     (c)    for information produced in some form other than documentary and for
any other tangible items, that the Producing Party affix a Legend in a prominent place
on the exterior of the container or containers in which the information is stored.  If
only a portion or portions of the information warrants protection, the Producing Party,
to the extent practicable, shall identify the protected portion(s).

     5.3.   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent
failure to designate qualified information or items does not, standing alone, waive the
Designating Party's right to secure protection under this Order for such material. Upon
timely correction of a designation, the Receiving Party must make reasonable efforts
to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1.   <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a

9

designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well

as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     five (5) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign an acknowledgement of the protective order; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY" information or items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES" only to persons listed in subparagraphs 7.2(a), in-house counsel included in 7.2(b), and 7.2(c)-(h), unless additional persons are stipulated by counsel or authorized by the Court.

7.4.    Disclosure of "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" and  "HIGHLY CONFIDENTIAL—SOURCE CODE" information or items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES" only to persons listed in subparagraphs 7.2(a) and 7.2(c)-(h), unless additional persons are stipulated by counsel or authorized by the Court.

7.5.    No later than ten (10) days prior to disclosure of any Protected Material to persons listed in subparagraphs 7.2(b) and 7.2(c), the party intending to disclose such information shall provide to the designating party the identities and roles of the persons to whom such disclosure will be made, along with a copy of their current *Curriculum Vitae*, so that the designating party may object to the disclosure and/or seek relief from the Court, as appropriate.

7.6.    Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications pertaining to the fields of invention of the patents-in-suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). To avoid ambiguity, the field of the invention is glucose monitoring, and further specifically includes

devices with single-use test strips for monitoring glucose levels. To ensure compliance with the purpose of this provision, each Party shall put into place a screen sufficient to ensure that persons involved in prosecution, as described above, shall not have direct or indirect access to any documents or information designated under this Protective Order as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE."  For purposes of this subparagraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this subparagraph does not include representing a party in a proceeding involving a challenge to a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, or *inter partes* review). This "Prosecution Bar" set forth in this section shall begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" information of a technical nature is first received by the affected individual and shall end two (2) years after final termination of this action.  This section shall not serve as a Prosecution Bar with respect to an individual who inadvertently is sent or receives materials marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" where that individual has not been exposed to the contents of the inadvertently sent documents.

7.7.   To the extent production of source code becomes necessary in this case, a producing party may designate source code as "HIGHLY CONFIDENTIAL—SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code as set forth in subparagraph 2.6.  This subparagraph governs issues and procedures unique to such information.

(a)   Material designated as "HIGHLY CONFIDENTIAL—SOURCE

CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in subparagraph 7.6, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in subparagraph 7.4.

(b)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed-upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The receiving party may bring computers and mobile phones into the secure room in order to take notes that would be permitted if taken using pen and paper, and make calls, provided that the receiving party does not use any computer or mobile phone for a prohibited purpose including those identified in the preceding sentence.  Any computer or mobile phone brought into the secure room must have its camera deactivated or physically obscured (*e.g.* by black electrical tape provided by the receiving party).  The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(c)    The receiving party may request paper copies of  limited portions of source code that  are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (b) in the first instance. The producing party

PROPOSED STIPULATED PROTECTIVE ORDER                    CASE NO.: 2:16-cv-05947-SJO-AS

shall provide all such source code in paper form including Bates numbers and the legend "HIGHLY CONFIDENTIAL—SOURCE CODE." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in section 6, whereby the producing party is the "challenging party" and the receiving party is the "designating party" for purposes of dispute resolution.

(d)     The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

7.8.     Whenever Protected Material is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in subparagraph 7.2, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL," that Party must:

a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> (1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

> (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

> (3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking a judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

The receiving party or its counsel shall not disclose such documents,  materials, or information if, but for the absence of the confidentiality designation, that party or counsel reasonably should know or believe that the producing party intended to maintain the documents, materials, or information in question as confidential. Promptly after receiving notice from the producing party of a claim of confidentiality, and upon request, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure, if any, of the mis-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12.    MISCELLANEOUS

12.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4.    E-mail is acceptable for any notification purposes herein, provided that the email notification is sent with a request that the receiving party acknowledge receipt of said notice.  E-mail notification to Dexcom shall be sent to FWDexcomAgamatrixTeam@sidley.com.  E-mail notification to AgaMatrix shall be sent to SEads@Schwabe.com and JAlberico@agamatrix.com.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Returned materials shall be delivered in sealed envelopes marked

"Confidential" to respective counsel.  The party requesting the return of materials shall pay the reasonable costs of responding to its request.  Notwithstanding the foregoing, counsel for a party may retain an archival copy of confidential documents. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

PROPOSED STIPULATED PROTECTIVE ORDER                    CASE NO.: 2:16-cv-05947-SJO-AS

1

2

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4

Dated this 22nd day of February, 2017

5

6

7

8

9

10

11

By: /s/ Sona De_____
SONA DE (SBN#193896)
CHING-LEE FUKUDA (*pro hac vice*)
BRADFORD J. BADKE (*pro hac vice*)
GRACE CHIANG (*pro hac vice*)
THOMAS A. BROUGHAN (*pro hac vice*)
ERIK J. CARLSON (SBN #265167)
**SIDLEY AUSTIN LLP**

Attorneys for Plaintiff Dexcom, Inc.

By: /s/ Jason A. Wrubleski _____
M. JOHN CARLSON (SBN #41285)
DREW WILSON (SBN #283616)
**LEWIS ROCA ROTHGERBER
CHRISTIE LLP**

Scott D. Eads, OSB #910400
Nicholas F. Aldrich, Jr., OSB #160306
Jason A. Wrubleski, OSB #120524
**SCHWABE, WILLIAMSON
  & WYATT, P.C.**

Attorneys for Defendant AgaMatrix, Inc.

12

13

14

15

*The filer attests that all other signatories listed, on whose behalf this filing is
submitted, concur in the filing's content and have authorized filing.*

16

17

 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18

19

 DATED: _February 23, 2017_____

20

21

22

_____/ s /_____

Honorable Alka Sagar

23

United States Magistrate Judge

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEXCOM, INC., | Case No.: 2:16-cv-5947 SJO (ASx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Judge:      Hon. S. James Otero |
| AGAMATRIX, INC., | Magistrate:  Hon. Alka Sagar |
| Defendant. | |

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of *Dexcom, Inc. v. AgaMatrix, Inc.*, Case No. 16-cv-5947-SJO (ASx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I acknowledge that any improper or unauthorized disclosure or use of any

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY,"

"HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL—SOURCE CODE"  information in any manner

2

contrary to the provisions of the Protective Order will cause the disclosing party irreparable harm for which monetary damages are an inadequate remedy, and therefor in the event of any such disclosure or use the disclosing party shall be entitled to equitable relief against me, including specific performance and injunctive relief, without the requirement of posting bond or other security.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I disclose the following companies for whom I have worked, whether as an employee, independent contractor or consultant, in the field of glucose sensing systems or devices, including sensors for CGM devices and methods of manufacturing and/or using same: _____ _____.

//

//

I hereby agree that, to the extent I am retained or employed by any company to perform services related to glucose sensing systems or devices during the pendency of the above-captioned litigation, that I will immediately disclose that information to the Parties.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

STIPULATED PROTECTIVE ORDER                                    CASE NO.: 2:16-cv-05947-SJO-AS